UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCIAL SALGADO, : | |
|     Petitioner, : | |
| : | |
| v. : | Case No. 3:20cv324(KAD) |
| : | |
| COMMISSIONER OF CORRECTION : | |
| CONNECTICUT ATTORNEY GENERAL, : | |
|     Respondents. : | |

**MEMORANDUM OF DECISION RE: MOTION TO DISMISS (ECF No. 10)**

Kari A. Dooley, U.S.D.J.

Petitioner, Marcial Salgado ("Salgado"), an inmate currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2005 conviction on first degree sexual assault and risk of injury charges. The respondents moved to dismiss the petition on the ground that it is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and on the ground that the sole claim raised in the petition has not been fully exhausted in state court. Salgado filed an opposition to the motion to dismiss on August 3, 2020 which appears to address the exhaustion argument, but which makes no mention of the statute of limitations. For the reasons set forth below, the motion is GRANTED.

**Procedural Background**

After a trial held in the Connecticut Superior Court for the Judicial District of New Haven in October and November 2004, a jury convicted Salgado of three counts of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a)(2) and two counts of risk of injury to a child in violation of Connecticut General Statutes § 53a–21(a)(2). Pet. Writ

Habeas Corpus at 2; *State v. Marcial S.*, 104 Conn. App. 361, 362-63 (2007).  On April 1, 2005, a judge sentenced Salgado to a total effective sentence of forty years of imprisonment, execution suspended after thirty-five years, to be followed by ten years of probation.  *Id.*

Salgado raised the following claims on direct appeal: "the trial court (1) improperly admitted (a) hearsay evidence and (b) constancy of accusation testimony, and (2) improperly charged the jury on reasonable doubt."  *Marcial S.*, 104 Conn. App. at 362.  On November 6, 2007, the Connecticut Appellate Court affirmed Salgado's judgment of conviction.  *Id.* at 373.  On January 4, 2008, the Connecticut Supreme Court denied Salgado's petition for certification to appeal from the decision of the Appellate Court.  *See State v. Marcial S.*, 285 Conn. 907 (2008).  Salgado did not file a petition for writ of certiorari to the United States Supreme Court.   Pet. Writ Habeas Corpus at 4.

On June 24, 2008, in the Connecticut Superior Court for the Judicial District of Tolland at Rockville, Salgado filed a state habeas petition.  He raised two claims of ineffective assistance of trial counsel.  *See Salgado v. Warden, State Prison*, No. TSRCV084002470S, 2011 WL 2739591, at *1-2 (Conn. Super. Ct. May 6, 2011) ("trial counsel did not meaningfully convey a plea offer to the petitioner or rendered deficient advice concerning that plea offer" and "trial counsel failed to investigate possible defenses").  On May 6, 2011, a the Superior Court denied the petition and Salgado timely appealed the decision.  *Id.*  On April 16, 2013, the Connecticut Appellate Court dismissed the appeal.  *See Marcial S. v. Comm'r of Correction*, 142 Conn. App. 901 (2013) (*per curiam*).

More than four years later, on October 10, 2017, Salgado filed a second state habeas

2

petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Salgado v. Comm'r of Correction*, No. TSR-CV17-4009141-S (Conn. Super. Ct. Oct. 10, 2017). On November 16, 2020, Salgado filed an amended petition for writ of habeas corpus in that case. *See id.* The amended petition remains pending and has a scheduled trial date in March 2021.[1]

**Factual Background**

The Connecticut Appellate Court determined that the jury reasonably could have found the following facts:

> Beginning when the victim was approximately four years old, she periodically was sexually assaulted in her home by her father, [Salgado]. According to the victim's testimony, these assaults took place sporadically and without any set pattern following the first incident. Shortly after the first incident, the victim told her older sister about what had happened. The victim does not recall how her sister reacted to the information disclosed.
>
> The victim did not tell anybody else about the assaults until she was in the fourth grade, when she told a classmate, A, that her father was touching her inappropriately. Later, in the sixth grade, the victim also told A that she feared she was pregnant. When asked by A whom she thought the father was, the victim said it was [Salgado]. Because the victim requested that A keep her secret, A did not tell anybody about the victim's disclosures. Following the victim's birthday in February, 2003, the victim also disclosed to her classmate, B, that [Salgado] had molested her a few days earlier. At about the same time, in late February, 2003, the victim and [Salgado] were engaged in a dispute over her telephone privileges. During this same period, [Salgado] also was engaged in a dispute with the victim's older sister.
>
> On March 3, 2003, the Monday following her disclosure to B, the victim told her sixth grade teacher that "since I was four years old, my father has been touching me in inappropriate places." The teacher had the victim repeat her disclosure to the school nurse; the teacher and the nurse then notified the department of children and families (department), which, in turn, called the local police. A police detective then arrived at the school and took the victim's signed statement.

---

[1] Information pertaining to this case may be found on the State of Connecticut Judicial Branch website at: http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174009141S (last visited November 17, 2020).

> Shortly thereafter, [Salgado] was arrested, and the department referred the victim to the Yale–New Haven Hospital child sexual abuse evaluation program (Yale Clinic) for a medical evaluation.

*Marcial S.*, 104 Conn. App. at 362-63, 935 A.2d at 156.

**Applicable Law**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a state court judgment of conviction. *See* 28 U.S.C. § 2244(d)(1). As relevant here, a state prisoner seeking federal habeas relief must file his petition within one year of "(A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] The limitations period may be tolled for the period "during which a properly filed" state habeas petition or other motion, application or petition for collateral review "is pending." *See* 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) may also be equitably tolled, but only in extraordinary and limited circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that equitable tolling applies to section 2244(d) because, *inter alia*, it is a statute of limitations and not a jurisdictional requisite); *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) ("equitable tolling is warranted only in rare and exceptional circumstances") (internal quotation marks and citation omitted). The doctrine of equitable

---

[2] The statute provides alternative dates on which the limitations period might begin to run, none of which are applicable here. 28 U.S.C. §2244(d)(1)(B-C)("(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

tolling requires a petitioner to demonstrate: (1) that he or she has been pursuing his or her rights diligently and (2) that extraordinary circumstances involving an external obstacle beyond his or her control prevented him or her from filing the petition in a timely manner.  *See Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted).  Thus, the threshold for a petitioner to establish equitable tolling is very high.  *Smith*, 208 F.3d at 17.

The standard for determining whether a petitioner diligently pursued his or her rights is reasonable diligence.  *Id.* at 17-18.  The court must determine whether the petitioner has shown that he or she "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire period he or she seeks to have the court equitably toll.  *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

Whether the circumstances facing a petitioner were extraordinary, requires the court to consider "the severity of the obstacle [that] imped[ed] compliance with [the] limitations period." *Harper*, 648 F.3d at 137 (citations omitted).  The inquiries into extraordinary circumstances and reasonable diligence are related.  A petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing."  *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he or she could have timely filed his petition notwithstanding the extraordinary circumstances."  *Id.*

---

retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.")

**Discussion**

Salgado asserts a single ground in support of the petition for writ of habeas corpus. He describes that ground as "No proof of physical evidence." Pet. Writ Habeas Corpus at 6. The respondents argue that the petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and that Salgado did not exhaust this sole ground for relief in state court prior to filing the petition. In response, Salgado states that attorneys appointed to represent him on appeal and in his first state habeas petition litigated all issues and that he has exhausted all available state court remedies as to his claim for relief. As noted above, Salgado did not address the Respondent's statute of limitations argument.

**Statute of Limitations**

As set forth above, on January 4, 2008, the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court affirming Salgado's April 2005 convictions. *See Marcial S.*, 285 Conn. 907, 942 A.2d 415. A judgment becomes final "after the denial of certiorari [by the U.S. Supreme Court] or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Because Salgado did not file a petition for writ of certiorari to the United States Supreme Court, the judgment of conviction became final under 28 U.S.C. § 2244(d)(1) on April 3, 2008, after the expiration of the 90-day period for filing a petition for writ of certiorari.

The limitations period began to run on April 4, 2008 and ran for 81 days until Salgado filed his first state habeas petition on June 24, 2008. The limitations period was tolled during the pendency of the first state habeas petition in the Connecticut Superior Court and during the

appeal to the Connecticut Appellate Court from the decision denying the petition. *See* 28 U.S.C. § 2244(d)(2) (The limitations period may be tolled for the period "during which a properly filed" state habeas petition or other motion, application or petition for collateral review "is pending.") The Connecticut Appellate Court dismissed the appeal on April 16, 2013. Salgado did not file a petition for certification to appeal to the Connecticut Supreme Court from the decision of the Connecticut Appellate Court. Thus, the limitations period began to run again on May 7, 2013, the day after the expiration of the twenty-day period during which a litigant may file a petition for certification to the Connecticut Supreme Court. *See* Conn. Practice Book § 84-4(a) ("petition for certification shall be filed within twenty days of (1) the date the opinion is officially released as set forth in Section 71-4 or (2) the issuance of notice of any order or judgment finally determining a cause in the appellate court, whichever is earlier."). The one-year limitations period elapsed 284 days later, on February 15, 2014. This petition was filed on March 11, 2020, more than six years after the expiration of the limitations period.[3] Accordingly, the present petition is clearly time-barred under 28 U.S.C. § 2244(d)(1) unless Salgado has demonstrated a basis for equitable tolling.

**Equitable Tolling**

As previously noted, Salgado does not address the respondent's statute of limitations argument in his one-page memorandum filed in opposition to the motion to dismiss; does not ask the court to equitably toll the statute of limitations, or offer any facts which would support a basis for equitable tolling. *See* ECF No. 13. However, in response to a question on the form

---

[3] The court further observes that Salgado filed his second state habeas petition on October 10, 2017, over three years after the limitations period expired. The filing of the second state habeas petition, however, does not

petition regarding the timeliness of the petition, Salgado asserted that his claim was exhausted and that the attorneys who had been assigned to represent him in state court lied and tricked him and had never shown much interest in his case.  *See* ECF No. 1 at 14.  But he fails to explain how this alleged conduct by his attorneys prevented him from filing the present petition in a timely manner and the court can discern no causal connection even accepting the allegations as true.

In his petition, Salgado also stated that he "do[e]s not fully understand English." *Id.* Aside from this statement, Salgado does not specify his level of proficiency with reading and writing English and nor does he connect his language deficiency to the failure to timely file a petition for over six years. The Second Circuit has held that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).  In this vein, the court observes that Salgado was able to complete and file not only the present petition *pro se,* but also his first and second state habeas petitions *pro se*.  *See* Pet. Writ Habeas Corpus, ECF No. 1, at 1-18; *Salgado v. Warden, State Prison*, No. TSR-CV08-4002470-S[4] (Pet. Writ Habeas Corpus filed June 24, 2008, Am. Pet. Writ Habeas Corpus filed by Appointed Counsel on Dec. 16, 2010, Dkt. Entries 101.00, 110.00); *Salgado v. Comm'r of Correction*, No. TSR-CV17-4009141-S[5] (Pet. Writ Habeas Corpus filed Oct. 10, 2017; Am. Pet. Writ Habeas Corpus filed by Appointed Counsel on Nov. 20, 2020, Dkt. Entries 101.00, 111.00). Thus, Salgado has not demonstrated that he was unable to pursue his claim in the petition due to

---

"reset the date from which the one-year statute of limitations beg[an] to run."   *Smith*, 208 F.3d at 17.
   [4]   *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV084002470S.

any language barriers.

In sum, Salgado's allegations do not demonstrate that he pursued his rights diligently after the Connecticut Appellate Court dismissed the appeal of the decision denying his first state habeas petition in 2013, or that an external obstacle prevented him from filing the second state habeas petition or the present federal habeas petition before the one-year statute of limitations expired.  *See Holland*, 560 U.S. at 649 (petitioner seeking to toll statute of limitations in 28 U.S.C. § 2244 must establish that some "extraordinary circumstance stood in his way and prevented timely filing," and that he has been "pursuing his rights diligently") (internal quotation marks and citation omitted).  Accordingly, the petition is time-barred.[6]

---

[5]  *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174009141S.

[6] The court recognizes that "actual innocence" if proved, is an exception to the AEDPA's one-year limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). A credible claim of actual innocence must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not present at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995).  A petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).  This "standard is demanding and permits review only in the extraordinary case." *Id.*; *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("stress[ing] that the *Schlup* standard is demanding" and cases satisfying it "rare"). Salgado does not make any assertion of actual innocence. Nor does he point to any newly discovered reliable evidence showing that it is more likely than not that no reasonable juror would have found him guilty. *See Schlup*, 513 U.S. at 327.  Rather, he merely challenges the sufficiency of the evidence. *See* Pet. Writ Habeas Corpus at 6 (Ground One, "No proof of physical evidence"); Pet. Obj. to motion to dismiss, ECF No. 13 ("There is no physical proof nor did the state produce any (DNA) during trial"; "this whole intire (sic) case was based on he said she said"). Accordingly, Salgado's petition does not even implicate a claim of actual innocence, let alone meet the exacting standards for exempting him from the statute of limitations.

**Conclusion**

The Motion to Dismiss, [**ECF No. 10**], the petition as time-barred, is **GRANTED**.[7] The Court concludes that jurists of reason would not find it debatable that Salgado failed to timely file this action. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut this 18th day of November 2020.

                                                    __/s/_____
                                                    Kari A. Dooley
                                                    United States District Judge

---

[7] In view of the dismissal of the petition as time-barred, the Court finds it unnecessary to reach the respondents' argument that Salgado did not exhaust the sole ground for relief prior to filing this action because he did not raise the ground either on direct appeal, in the first state habeas petition or in any other motion or petition filed in state court as required by 28 U.S.C. § 2254(b)(1)(A).